JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-965-KK-SPx** | Date: | June 26, 2024 |
|---|---|---|---|
| Title: | *Minka Lighting, LLC v. Wangs Alliance Corporation* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order GRANTING Plaintiff's Motion for Remand or, Alternatively, Joinder [Dkt. 18]

## I.
## INTRODUCTION

On April 8, 2024, plaintiff Minka Lighting, LLC ("Plaintiff") filed the operative Complaint against defendant Wangs Alliance Corporation d/b/a WAC Lighting ("Defendant") in San Bernardino County Superior Court, asserting common law trade dress infringement and related claims arising from Defendant's alleged use of Plaintiff's ceiling fan designs. ECF Docket No. ("Dkt.") 1-3 ("Compl."). On May 7, 2024, the action was removed to this Court. Dkt. 1.

On May 22, 2024, Plaintiff filed the instant Motion for Remand or, Alternatively, Joinder ("Motion"). Dkt. 18. The Court finds this matter appropriate for resolution without oral argument. *See* FED. R. CIV. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## II.
## BACKGROUND

### A.   RELEVANT FACTS

As alleged in the Complaint, Plaintiff and Defendant are direct competitors in the United States ceiling fan market. Compl. ¶¶ 6-8, 11. Plaintiff is a California limited liability company with its principal place of business in Newport News, Virginia. *Id.* ¶ 1. Defendant is a corporation

organized under the laws of New York that "maintains significant operations" in Ontario, California.  Id. ¶ 2.

Plaintiff alleges Defendant has "engage[d] in an anti-competitive course of conduct designed to unfairly and unlawfully steal customers from" Plaintiff.  Id. ¶ 12.  Specifically, Plaintiff alleges Defendant produces ceiling fans with designs and model names that are "confusingly similar" to Plaintiff's ceiling fans, enabling Defendant to "unfairly benefit from [Plaintiff's] goodwill[.]"  Id. ¶¶ 13-33.  Plaintiff further alleges Defendant filed a United States International Trade Commission ("ITC") complaint against Plaintiff, asserting patent infringement, and subsequently disseminated "false and misleading information" regarding the ITC complaint to customers of both Plaintiff and Defendant.  Id. ¶¶ 12, 37-42.

In addition, Plaintiff alleges its sales have "dropped significantly" since 2021, when Defendant began selling ceiling fans with Plaintiff's trade dress.  Id. ¶ 44.  According to Plaintiff, "the drop in [Plaintiff's] sales has resulted in a commensurate increase in [Defendant's] sales."  Id.

**B.    PROCEDURAL HISTORY**

On April 8, 2024, Plaintiff filed the operative Complaint against Defendant in San Bernardino County Superior Court, asserting the following claims: (1) common law trade dress infringement; (2) violation of California's Unfair Competition Law ("UCL"), Section 17200 of the California Business and Professions Code; and (3) intentional interference with prospective economic advantage.  Dkt. 1-3.

On May 6, 2024,[1] Defendant filed an Answer to the Complaint in San Bernardino County Superior Court.  Dkt. 1-7.

On May 7, 2024, Defendant removed the action to this Court on the basis of diversity jurisdiction.  Dkt. 1.  In support of its Notice of Removal, Defendant submitted a declaration from Tigran Vardanian, Defendant's General Counsel and Corporate Secretary, stating Defendant "has no executive offices or officers located in" California and its principal place of business – including its executive offices – is located in Port Washington, New York.  Dkt. 3, Declaration of Tigran Vardanian in Support of Notice of Removal, ¶¶ 2, 4-5.

On May 22, 2024, Plaintiff filed the instant Motion seeking remand of this action.  Dkt. 18.  First, Plaintiff argues Defendant has not met its burden of establishing diversity of citizenship, given the Statement of Information Defendant filed with the California Secretary of State previously indicated its "Principal Executive Office" was located in Ontario, California.[2]  Id. at 12-20; see also dkt. 18-3, Declaration of Andy LeGolvan ("LeGolvan Decl."), ¶ 2, Ex. A.  Second, Plaintiff seeks leave to join Robert De'Armond, a California citizen who was allegedly employed by Plaintiff prior to serving as Defendant's Vice President ("VP") of Product Design and Development, as a

---

[1] Defendant's Answer is erroneously dated May 6, 2023.  See dkt. 1-7 at 7.

[2] On May 6, 2024, Defendant revised its Statement of Information to indicate its "Principal Office" was located in Port Washington, New York, rather than Ontario, California.  LeGolvan Decl., ¶ 5, Ex. B.

defendant pursuant to 28 U.S.C. § 1447(e).  Dkt. 18 at 21-26; dkt. 18-1, Proposed First. Am. Compl. ("Proposed FAC"), ¶ 13; LeGolvan Decl., ¶ 7.

On May 30, 2024, Defendant filed an Opposition to the Motion, arguing (1) Defendant's Port Washington, New York facility is its headquarters and principal place of business and, thus, diversity of citizenship exists; (2) Plaintiff's request for joinder should be denied because the sole purpose of the request is to defeat diversity jurisdiction; and (3) even if Plaintiff's request for joinder is granted, joinder of a non-diverse defendant fails to defeat diversity jurisdiction.  Dkt. 21.  In addition, Defendant filed an Application seeking leave to file Exhibit A to the declaration of Tigran Vardanian submitted in support of the Opposition under seal.[3]  Dkt. 19.

On June 6, 2024, Plaintiff filed a Reply in support of the Motion.  Dkt. 25.

The matter thus stands submitted.

### III.
### LEGAL STANDARD

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Pursuant to 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.

Courts "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id.; see also Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008) (holding "any doubt" as to the propriety of removal "is resolved against removability").  The party seeking removal bears the burden of establishing removal is proper by a preponderance of the evidence.  Naffe v. Frey, 789 F.3d 1030, 1040 (9th Cir. 2015).

When an action is removed to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, the defendant must establish (1) complete diversity among the parties, and (2) the amount in controversy exceeds $75,000.  Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  Complete diversity requires each plaintiff to be of a different citizenship than each

---

[3] Defendant's Application seeking leave to file Exhibit A under seal is **DENIED**.  The Application fails to comply with Local Rule 79-5.2.2, which requires a party seeking leave to file a document under seal to submit a declaration establishing why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard.  While the declaration of Tigran Vardanian submitted in support of Defendant's Application authenticates Exhibit A – a payroll report identifying employees' names, supervisors, job titles, direct reports, departments, and respective office locations – and provides a general restatement of its contents, see dkt. 20, Declaration of Tigran Vardanian, ¶ 8, the declaration fails to set forth any facts or argument demonstrating good cause or compelling reasons to seal the document.  Nevertheless, because the Court declines to reach the issue of the location of Defendant's principal place of business, Defendant need not file Exhibit A in the public case file.

defendant.  Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

## IV.
## DISCUSSION

### A.   JOINDER OF DE'ARMOND IS PROPER UNDER 28 U.S.C. § 1447(e)

#### 1.   Applicable Law

If, after removal, a plaintiff seeks to join an additional defendant whose joinder would destroy diversity jurisdiction, the court "may deny joinder, or permit joinder and remand the action[.]"  28 U.S.C. § 1447(e).  "[T]he decision regarding joinder of a diversity[-]destroying[] defendant is left to the discretion of the district court[.]"  Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

In determining whether joinder of a non-diverse party is appropriate pursuant to 28 U.S.C. § 1447(e) ("Section 1447(e)"), courts consider the following factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff."  Walker v. Glob. Mail, Inc., No. CV-21-6546-DMG-SHKx, 2021 WL 4594024, at *2 (C.D. Cal. Oct. 6, 2021) (quoting McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 607 (S.D. Cal. 2014)) (internal brackets omitted).  "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder."  Leyba v. Walmart, Inc., No. CV 20-7604-ODW-Ex, 2021 WL 8893640, at *2 (C.D. Cal. Feb. 2, 2021).

#### 2.   Analysis

Plaintiff seeks leave to join Robert De'Armond ("De'Armond"), a California citizen, as a defendant.  See dkt. 18 at 21-26.  As discussed below, the Section 1447(e) factors weigh in favor of joinder of De'Armond.

##### a.   Necessary Party

The first factor – whether De'Armond is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19 ("Rule 19") – weighs in favor of joinder.  Rule 19(a) requires joinder of a party if: (1) in the party's absence, the court cannot accord complete relief among existing parties; (2) the party has an interest in the action and disposing of the action in their absence may impair or impede their ability to protect such interest, or (3) the party has an interest in the action and resolving the action in their absence may leave an existing party subject to inconsistent obligations because of such interest.  FED. R. CIV. P. 19(a)(1).  "Although courts consider whether a party would meet [Rule 19's] standard for a necessary party" in determining whether amendment under Section 1447(e) is appropriate, "amendment under [Section] 1447(e) is a less restrictive standard than for joinder under [Rule 19]."  IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000).  "Courts

disallow joinder of non-diverse defendants [under Section 1447(e)] where those defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. at 1012.

Here, while Plaintiff does not contend – and the Court does not find – De'Armond is a necessary party under Rule 19, De'Armond is more than "tangentially related" to Plaintiff's causes of action. See IBC Aviation Servs., 125 F. Supp. 2d at 1011-12. Plaintiff alleges De'Armond was previously employed by Plaintiff. See Proposed FAC ¶ 13. Subsequently, De'Armond was employed by Defendant as its VP of Product Design and Development. See LeGolvan Decl., ¶ 7; dkt. 21-3, Declaration of Tigran Vardanian ("Vardanian Decl."), ¶¶ 14, 16. Plaintiff further alleges, while employed by Defendant, De'Armond "designed and/or approved the design of" the ceiling fans that copy Plaintiff's trade dress. Proposed FAC ¶ 13. Plaintiff's allegations, therefore, establish De'Armond was "directly involved in the acts giving rise to Plaintiff's claims."[4] See McCleney v. Wyndham Vacation Ownership, Inc., No. CV 22-1927-FLA-SKx, 2023 WL 4745741, at *4 (C.D. Cal. July 25, 2023) (finding "necessary party" factor weighed in favor of joinder where party to be joined was "directly involved" in the acts giving rise to plaintiff's claims). Hence, this factor weighs in favor of joinder.

                **b.**    **Statute of Limitations**

The second factor – whether the statute of limitations would preclude an original action against De'Armond in state court – is neutral. "[A] finding that the statute of limitations would preclude the filing of a new, separate action against [the non-diverse defendant] may warrant remand." Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015). By contrast, "if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court." Yang v. Swissport USA, Inc., No. C 09-3823-SI, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010).

Here, it appears the statute of limitations would bar a new, separate claim for interference with prospective economic advantage against De'Armond. Such claims are subject to a two-year statute of limitations. Ramirez v. Navarro, No. EDCV 20-2408-SP, 2023 WL 1806847, at *14 (C.D. Cal. Jan. 5, 2023), aff'd, Ramirez v. Navarro, No. 23-55112, 2024 WL 1874993 (9th Cir. Apr. 30, 2024). Plaintiff alleges Defendants released ceiling fans copying Plaintiff's trade dress between March 2021 and January 2022, see Compl. ¶¶ 16-28. Thus, the statute of limitations appears to bar any claim for interference with prospective economic advantage predicated solely upon the alleged copying of Plaintiff's trade dress. However, because claims under the UCL are subject to a four-year statute of limitations, see Cal. Bus. & Prof. Code § 17208, a new, separate UCL claim against De'Armond would not be time barred. Hence, this factor is neutral.[5]

///

---

[4] While Defendant presents evidence indicating De'Armond "did not have final approval of [Defendant's] products or product designs[,]" Vardanian Decl. ¶ 18, this evidence fails to establish De'Armond was not involved in the design of Defendant's ceiling fans.

[5] The Court declines to decide whether a new, separate claim for common law trade dress infringement against De'Armond would be time barred.

      **c.**      **Timeliness in Seeking Joinder**

The third factor – whether there has been unexplained delay in requesting joinder of De'Armond – weighs in favor of joinder. As an initial matter, Plaintiff filed the instant Motion approximately six weeks after filing the Complaint in state court. See dkts. 1-3, 18. A six-week delay between commencing an action and seeking leave to join an additional defendant is not unreasonable. See, e.g., Sagrero v. Bergen Shippers Corp., No. CV 22-4535-SPG-RAOx, 2022 WL 4397527, at *3 (C.D. Cal. Sept. 23, 2022) (concluding two-month delay between commencing action and seeking leave to amend to join non-diverse defendant was not unreasonable); Krantz v. Bloomberg L.P., Case No. CV 21-6275-ABR-AOx, 2022 WL 2101913, at *5 (C.D. Cal. Feb. 3, 2022) (finding four-month delay between commencing action and seeking leave to amend to join non-diverse defendant was not unreasonable). Moreover, Plaintiff has presented evidence indicating Plaintiff's counsel did not discover De'Armond served as Defendant's VP of Product Design and Development during the period of alleged infringement until after the filing of the Complaint, LeGolvan Decl., ¶¶ 6-7, and Defendant has presented no evidence indicating Plaintiff or its counsel had knowledge of Plaintiff's potential claims against De'Armond at the time the Complaint was filed. Hence, this factor weighs in favor of joinder.

      **d.**      **Motive for Joinder**

The fourth factor – whether joinder of De'Armond is intended solely to defeat federal jurisdiction – weighs in favor of joinder. "[T]here is a general presumption against fraudulent joinder[.]" Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Moreover, in the context of a request for joinder pursuant to Section 1447(e), "suspicion of amendment for the purpose of destroying diversity is not an important factor . . . , as [S]ection 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants." Malijen v. Ford Motor Co., No. EDCV-20-1217-JGB-KKx, 2020 WL 5934298, at *3 (C.D. Cal. Aug. 20, 2020).

Here, as discussed above in Section IV.A.2.c, Plaintiff has presented evidence indicating Plaintiff's counsel did not discover De'Armond's role in the alleged infringement until after the Complaint was filed, LeGolvan Decl., ¶¶ 6-7, and Defendant has presented no evidence to the contrary. Thus, because it appears Plaintiff promptly attempted to join De'Armond upon discovering its potential claims against him, there is insufficient evidence to suggest defeating federal jurisdiction was Plaintiff's sole motive. See Sagrero, 2022 WL 4397527, at *5 (finding "motive for joinder" factor weighed in favor of joinder where plaintiff promptly attempted to join non-diverse defendants upon discovering their identities). Hence, this factor weighs in favor of joinder.

      **e.**      **Validity of Claims**

The fifth factor – whether the claims against the De'Armond appear valid – weighs in favor of joinder. This factor turns on whether there is a "facially legitimate" claim against the putative defendant. Prudenciano Flores v. Nissan N. Am., Inc., No. CV 21-9411-RSWL-PDx, 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022). A claim is "facially legitimate" if it "seems valid[.]" Id. This is a "lower standard than what is required to survive a motion to dismiss or motion for summary judgment." Id.; see also Dordoni v. FCA US LLC, No. EDCV 20-1475-JGB-SHKx, 2020 WL 6082132, at *5 (C.D. Cal. Oct. 15, 2020) ("To state a facially viable claim for purposes of joinder under [S]ection 1447(e), a plaintiff need not allege a claim with particularity or even plausibility.").

Here, Plaintiff's trade dress infringement, UCL, and interference with prospective economic advantage claims against De'Armond are facially legitimate.[6] Defendant contends Plaintiff "fail[s] to sufficiently detail [] De'Armond's purported role in the alleged infringement[.]" Dkt. 21 at 19-22. However, as discussed above in Section IV.A.2.a, Plaintiff alleges De'Armond was formerly employed by Plaintiff, was Defendant's VP of Product Design and Development during the relevant period, and was directly involved in the design of the products that allegedly infringe upon Plaintiff's trade dress. See LeGolvan Decl., ¶ 7; Proposed FAC ¶ 13. These allegations are sufficient to establish a possibility that De'Armond was a "moving, active[,] conscious force" behind Defendant's alleged infringing activity. See Novell, Inc. v. Unicom Sales, Inc., No. 03-2785-MMC, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004) ("[C]orporate officers, shareholders, and employees are personally liable for the corporation's copyright and trademark infringements when they are a 'moving, active conscious force' behind the corporation's infringement[.]"); see also McCleney, 2023 WL 4745741, at *7 (finding "validity of claims" factor weighed in favor of joinder where defendants failed to show there was "no possibility" plaintiff could recover against non-diverse defendant). Hence, this factor weighs in favor of joinder.

        **f.**     **Prejudice to Plaintiff**

The sixth factor – whether denial of joinder will prejudice Plaintiff – weighs in favor of joinder. "In determining whether a plaintiff would suffer prejudice, courts have considered whether denial of leave to amend would require parallel in state and federal court proceedings or would lead the plaintiff to forgo claims against the non-diverse defendants." Murphy, 74 F. Supp. 3d at 1286.

Here, denying leave to amend the Complaint to join De'Armond as a defendant would require Plaintiff "to pursue two substantially similar lawsuits in two different forums[.]"[7] See Sagrero, 2022 WL 4397527, at *5 (finding "prejudice to plaintiff" factor weighed in favor of joinder where denying leave to amend would require plaintiff to pursue parallel state and federal court proceedings, because "forc[ing] the plaintiff to proceed with expensive litigation in state court against the putative defendant would create avoidable prejudice" (internal quotation marks and brackets omitted)). Moreover, as discussed above in Section IV.A.2.b, denying leave to amend the

---

[6] The Court rejects Defendant's argument that Plaintiff's UCL and interference with prospective economic advantage claims are predicated solely upon Defendant's alleged dissemination of false and misleading information regarding its ITC complaint, which was filed after De'Armond's employment with Defendant ended. See dkt. 21 at 21. Rather, these claims are additionally predicated upon Plaintiff's allegation that, between March 2021 and January 2022 – i.e., while De'Armond was employed as Defendant's VP of Product Design and Development – Defendant released ceiling fans with Plaintiff's trade dress. See Compl. ¶¶ 16-28, 54, 58, 60; see also LeGolvan Decl., ¶ 7; Proposed FAC ¶ 13.

[7] Defendant disputes whether Plaintiff "would pursue parallel state-court litigation against a retired individual for his former employer's alleged trade dress infringement[.]" Dkt. 21 at 22. However, the relevant inquiry is not whether Plaintiff will pursue a separate state court action against De'Armond. Prejudice arises when a party is "force[d] . . . to choose between: (1) engaging in redundant litigation in state court . . . ; or (2) foregoing its potential claims[.]" Serrano v. Garfield Beach CVS, LLC, No. EDCV 17-506-BRO-DTBx, 2017 WL 8220439, at *5 (C.D. Cal. July 6, 2017) (emphasis added).

Complaint to join De'Armond as a defendant might require Plaintiff to forgo its claim for interference with prospective economic advantage against him. Hence, this factor weighs in favor of joinder.

*  *  *

Considering the six factors outlined above, the Court finds joinder warranted in this case. Accordingly, Plaintiff's request for leave to join De'Armond as a defendant is **GRANTED**.

**B.    JOINDER OF DE'ARMOND DESTROYS COMPLETE DIVERSITY, NECESSITATING REMAND**

1. **Applicable Law**

Joinder of a non-diverse defendant destroys subject matter jurisdiction under 28 U.S.C. § 1332, which requires each plaintiff to be of a different citizenship than each defendant. Grancare, 889 F.3d at 548. Hence, when a court permits joinder of a non-diverse party pursuant to Section 1447(e), "[r]emand is mandatory[.]" Edmond v. Kindred Healthcare Operating Inc., No. CV 16-6746-PSG-AFMx, 2016 WL 7176566, at *3 (C.D. Cal. Dec. 8, 2016).

2. **Analysis**

Here, neither party disputes Plaintiff and De'Armond are both citizens of California. See Proposed FAC ¶¶ 1, 3; dkt. 21 at 15, 18. Hence, joinder of De'Armond destroys complete diversity. The Court, therefore, no longer has subject matter jurisdiction over this action.

Defendant contends joinder of a non-diverse defendant fails to defeat diversity jurisdiction, see dkt. 21 at 15-17, citing Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426 (1991), in which the Supreme Court held "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action[,]" id. at 428. However, multiple circuits have concluded the holding of Freeport-McMoRan is limited to the context of substitution of a party pursuant to Federal Rule of Civil Procedure 25.[8] See, e.g., Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 140 (1st. Cir. 2004); Cobb v. Delta Exps., Inc., 186 F.3d 675, 680-81 (5th Cir. 1999); Ingram v. CSX Transp., Inc., 146 F.3d 858, 861 (11th Cir. 1998). As set forth above in Section IV.A.2, joinder of De'Armond is proper under Section 1447(e), and the holding of Freeport-McMoRan "does not contravene [Section] 1447(e)." Cobb, 186 F.3d at 680-81.

Accordingly, remand is mandatory, and Plaintiff's request for remand is **GRANTED**.[9]

---

[8] Federal Rule of Civil Procedure 25 governs substitution of parties in the event of a party's death or incompetency, a transfer of interest, or a public officer's separation from office. See FED. R. CIV. P. 25.

[9] Because the Court remands this action pursuant to Section 1447(e), the Court declines to address Plaintiff's alternative argument that Defendant has not met its burden of establishing diversity of citizenship. Plaintiff argues Defendant's revision of its Statement of Information to reflect a Port Washington, New York address for its "Principal Office," rather than an Ontario,

V.
**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion is **GRANTED**. Plaintiff's First Amended Complaint, dkt. 18-1, is deemed filed as of the date of this Order, and this action shall be remanded to state court. (JS-6)

**IT IS SO ORDERED.**

---

California address, combined with Defendant's inconsistent corporate filings in other states, give rise to a suspicion of jurisdictional manipulation. See dkt. 18 at 14-20; see also LeGolvan Decl., ¶¶ 2, 9-13, Exs. A, G-K. While the Court finds it curious that Defendant revised its Statement of Information the day before removing this action, see LeGolvan Decl., ¶ 5, Ex. B, and is skeptical of Defendant's assertion that these inconsistencies and apparent errors in Defendant's corporate filings are the result of "misunderstandings of the requested information," see dkt. 21 at 6-7, the Court need not address this argument.